## D. W. LUHA *vs.* WM. and ELIZA W. HOLT.

### APPEAL FROM INTERMEDIARY COURT OF OAHU.

### JULY TERM, 1884.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

A widow, in possession of her husband's land by consent of his heirs, agreed that plaintiff should plant part of the land on shares; before maturity of the crop, the land was sold to pay debts of decedent.

Held, that plaintiff was entitled to harvest the crop; but he, not having been evicted by a paramount title, cannot recover damages against the widow for breach of covenant.

OPINION BY McCULLY, J.

THE case comes by appeal from the Intermediary Court. The parties agree that the statement of the case in the decision rendered therein shall be taken as the case for consideration here, as follows: "The action was covenant. The defendants were in possession of taro land in Honolulu, by right of the wife, as widow of W. L. Austin, deceased, with the permission of the heirs. While so in possession, and before application to sell the land by the administrator of the estate of the said Austin, deceased, to pay debts, it was agreed between the plaintiff and defendants that the plaintiff should plant, raise and harvest a crop of taro on the land, and should have one-half the crop or proceeds for his share. Under this agreement the plaintiff planted a crop, and thereafter, before its maturity, the land was duly sold by the administrator to pay debts of the deceased."

"The plaintiff claims ouster, and so breach of covenant for quiet enjoyment and damages."

The widow was in lawful possession of the land, as provided by Sec. 1305, Civil Code, as follows: " When a widow is entitled to dower in land of which her husband died seized, she may continue to occupy the same with the children or other heirs of the deceased, or to receive one-third part of the rents, issues and profits thereof, so long as the heirs do not object, without having her dower assigned;" and the plaintiff was a tenant in common of the growing crop with her. *Walker vs. Fitts*, 24 Pick., 193. Freeman on Co-Tenancy, Sec. 254.

The widow was a tenant in common of the estate with the heirs until partition of dower. The use to be made of a piece of taro land was in cultivating a crop of taro. This she has done by the arrangement with the plaintiff to plant and cultivate on shares. Now, the land having been sold by order of the Probate Court to liquidate debts of the deceased, what were the rights of the widow and the plaintiff in the crop of taro standing on the land?

The widow's dower has not been alienated by the proceedings, and she remains a tenant in common with the purchasers. It would follow from this that her rights in the crop have not been impaired or compromised by the sale, and it does not appear in evidence that at the sale she abandoned any legal rights.

In another view, this conclusion may be reached by the doctrine of emblements. The widow was a tenant at will of any and all of the land until her third part should be assigned. This is an estate of uncertain duration. During the uncertain time of her holding she had a right to plant an annual crop, and to reap it, although the sale of the estate, or a portion thereof, should meanwhile terminate her tenancy therein. But the right of her cotenant in the crop, the plaintiff, is the same as her own. There has therefore been no eviction by paramount title of the plaintiff's possession of the crop. "The right to emblements carries with it the right to enter upon and cultivate the land and harvest the crops when ripe."

1 Washb., R. P. 102.

The plaintiff, therefore, cannot recover from the defendants for breach of covenant of possession, for he was not compelled by a superior right to relinquish the possession of his crop. In the language of Taylor's Landlord and Tenant, Sec. 308 : "The landlord is in no event under an obligation to defend the tenant, or answerable to him under this covenant, unless he has been actually evicted by some person claiming the premises under a legal title, because the law itself defends every one against wrong."

We give judgment for the defendants.

*C. W. Ashford,* for plaintiff.

*W. A. Kinney,* for defendants.

Honolulu, September 30, 1884.